STATE OF SOUTH CAROLINA

COUNTY OF GEORGETOWN

David Henry,

       Plaintiff,

   vs.

Government Employees Insurance
Company (GEICO) and Sam Knowlin,

       Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT
C/A NO. 2015-CP-22 - 00757

SUMMONS
(Declaratory Judgment/Bad Faith)
JURY TRIAL

FILED
GEORGETOWN COUNTY, S.C.
2015 AUG -7 P 1:13
ALMA Y. WHITE
CLERK OF COURT
40

TO:   THE DEFENDANT ABOVE NAMED:

     YOU ARE HEREBY SUMMONED and required to answer the Complaint in this

action, of which a copy is herewith served upon you, and to serve a copy of your answer to the

said Complaint on the subscriber or subscribers at his or their office at Suite 209, The Courtyard,

1500 U.S. Highway 17 North, Post Office Drawer 14547, Surfside Beach, South Carolina 29587

within thirty (30) days after the service hereof; exclusive of the day of such service; and if you

fail to answer the Complaint within the time aforesaid; the Plaintiff in this action will apply to

the Court for the relief demanded in the Complaint and judgment by default will be rendered

against you for the relief demanded in the Complaint.

       KELAHER, CONNELL & CONNOR, P.C.

       L. Sidney Connor, IV
       Post Office Drawer 14547
       Surfside Beach, SC 29587
       (843) 238-5648
       sconnor@classactlaw.net
       Attorney for Plaintiff

August 3, 2015



DEFENDANT'S
EXHIBIT
A

STATE OF SOUTH CAROLINA

COUNTY OF GEORGETOWN

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT
C/A NO. 2015-CP-22 - 00757

David Henry,

                    Plaintiff,

vs.

Government Employees Insurance
Company (GEICO) and Sam Knowlin,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

COMPLAINT
(Declaratory Judgment/Bad Faith)
JURY TRIAL

The Plaintiff, above-named, complaining of the Defendants herein, would allege:

1.     That the Plaintiff is a citizen and resident of the County of Georgetown, State of South Carolina.

2.     That, upon information and belief, the Defendant, Government Employees Insurance Company (hereinafter "GEICO"), is an automobile liability insurance company organized and existing pursuant to the laws of one of the states of the United States and doing business in South Carolina as an automobile liability insurer.

3.     That, upon information and belief, the Defendant Sam Knowlin is a citizen and resident of Georgetown County, State of South Carolina.

4.     That this case arises from an automobile accident which occurred in Georgetown County, South Carolina in which the Plaintiff Henry was a passenger in an Aaron's, Inc. truck when he was struck from behind by a vehicle driven by Defendant Knowlin at or near Andrews, South Carolina.

5.     That Plaintiff Henry filed a civil action in Georgetown County Court of Common Pleas entitled *David Henry v. Sam Knowlin*, Civil Action No. 2013-CP-22-00941.

6.     That the Defendant Knowlin was insured by GEICO for liability and the Plaintiff Henry also had an underinsured motorist policy with GEICO.

7.     That the case was tried on June 12, 2015 in the Georgetown County Court of Common Pleas before the Honorable Steven H. John.

8.     That previous to the trial, GEICO, who was the liability insurer for Knowlin, did tender its limits of Twenty-five Thousand Dollars for a Covenant Not to Execute.

9.     That further, prior to the trial, Plaintiff made an offer on May 11, 2015 to settle the case for the limits of the underinsured motorist policy which GEICO had in force and effect with David Henry as a Class 2 Insured.

10.    That Plaintiff asserted in his May 11, 2015 letter to defense counsel that this was a case of clear liability with Plaintiff Henry's damages including medical bills and lost wages in excess of Thirty Thousand Dollars, which exceeded the primary limits.

11.    That Plaintiff, through his counsel, made a demand for the policy limits and also indicated that if the policy limits were not accepted Plaintiff intended to assert a claim for bad faith failure to pay underinsured motorist benefits.

12.    That Defendant through its counsel replied indicating its refusal to pay benefits under the underinsured motorist policy in force and effect.

13.    The Plaintiff obtained a verdict against Sam Knowlin of Two Hundred Fifty Thousand and 00/100 ($250,000.00) Dollars on June 16, 2015.

<u>FOR A FIRST CLAIM</u>
<u>(Declaratory Judgment)</u>

14.    The allegations of Paragraph Nos. 1 through 13 are incorporated as if fully set forth herein.

2

15.     The Plaintiff is unaware of any South Carolina case which has decided the question of whether or not South Carolina would recognize a breach of a duty of good faith and fair dealing with respect to the handling of a underinsured motorist claim.

16.     The Plaintiff is aware of the case of *Jefferson v. Allstate Insurance Company*, 673 F.Supp. 1401 (D.S.C. 1987) in which the Honorable George Ross Anderson found that South Carolina would recognize a bad faith cause of action against an uninsured motorist carrier.

17.     Plaintiff believes that South Carolina would recognize and extend the holding in *Nichols v. State Farm*, 279 S.C. 336, 306 S.E.2d 616 (1983) to find that the court would recognize a duty of good faith and fair dealing in handling uninsured motorist claims and that accordingly South Carolina would recognize that a bad faith cause of action does exist for failure to handle an underinsured motorist claim in good faith and fair dealing.

18.     Accordingly, Plaintiff brings this declaratory judgment action and requests the court find that an underinsured motorist carrier has a duty of good faith and fair dealing in handling underinsured motorist claims and that a cause of action would exist for failure to use good faith and fair dealing in the handling of underinsured motorist claims in this state pursuant to *Nichols v. State Farm*, 279 S.C. 336, 306 S.E.2d 616 (1983).

## FOR A SECOND CLAIM
### (Bad Faith)

19.     The allegations of Paragraph Nos. 1 through 18 are incorporated as if fully set forth herein.

20.     Plaintiff would show that the Plaintiff is a beneficiary of the policy of insurance with the Defendant GEICO.

21. Plaintiff would show that as an employee of Aarons, Inc., the Plaintiff is entitled to the benefits of the underinsured motorist coverage purchased by Aarons, Inc. through GEICO covering the truck which the Plaintiff occupied at the time of the wreck.

22. Plaintiff would show that as an employee of Aarons, Inc. and by virtue of the fact that the Plaintiff was in the truck in the course and scope of his employment at the time of the wreck, the Plaintiff is entitled to all of the rights and benefits under the insurance policy purchased by his employer Aarons, Inc.

23. Plaintiff would show that the Defendant GEICO owes the Plaintiff a duty of good faith and fair dealing in the resolution of his claim on injuries sustained in the motor vehicle wreck which formed the basis of the underlying claim.

24. The Plaintiff would show that the Plaintiff's medical bills and lost wages which occurred as a result of the wreck exceeded Thirty Thousand & No/100 ($30,000.00) Dollars which exceeded the primary policy limits of Twenty-Five Thousand & No/100 ($25,000.00) Dollars.

25. Plaintiff would show that the Defendant GEICO heretofore has acted under the impression that it was immune to any bad faith claims because South Carolina has not decided any specific cases with regard to bad faith claims against underinsured motorist carriers.

26. Plaintiff would show that the Defendant GEICO, acting on this false assumption, did in fact act in bad faith in failing reasonably to evaluate their insured's claims or to resolve the claim.

27. Plaintiff would show that, as a result of GEICO's obstinate and unreasonable position and as a result of their lack of good faith and fair dealing, the Plaintiff had to incur additional litigation expenses, including taking a doctor's deposition and then had to incur the time and expense and aggravation of a jury trial in order to obtain a verdict to force GEICO to pay its

4

underinsured policy which GEICO knew or reasonably should have known should have been paid in response to Plaintiff's offer to settle prior to trial.

28.    Plaintiff believes that the conduct of the Defendant GEICO has been repeated numerous times with other insureds in an effort to force its own insureds to accept underinsured offers of less than the value of the cases or to abandon underinsured motorist claims altogether.

WHEREFORE, Plaintiff requests not only actual damages for the additional costs of trial and for the verdict rendered but also substantial punitive damages against GEICO for the broad scope of their practices.

KELAHER, CONNELL & CONNOR, P.C.

L. Sidney Connor, IV
Post Office Drawer 14547
Surfside Beach, SC 29587
(843) 238-5648
sconnor@classactlaw.net
Attorney for Plaintiff

August 3, 2015

5